IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANO CHIROPRACTIC WEIGHT LOSS AND NUTRITION CENTERS, INC., <br><br> Plaintiff <br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant | CIVIL DIVISION <br><br> No. 2:21-cv-524 |

## NOTICE OF REMOVAL

NOW, comes the Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28 U.S.C. §1441, *et seq*. State Farm submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. §1446. In further support of this Notice of Removal, State Farm states as follows:

1. Plaintiff Wano Chiropractic Weight Loss and Nutrition Centers filed a Complaint in the Court of Common Pleas of Washington County on or about March 12, 2021. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. State Farm was served with the Complaint on March 23, 2021.

3. In addition to the Complaint, a Verification of Service was filed in connection with the state court action. A true and correct copy of the Verification of Service is attached hereto as Exhibit B

4. Upon information and belief, Exhibit A constitutes all of the pleadings, process, and orders which were filed in connection with the state court action.

**Complete Diversity Exists**

5. The Complaint states that Plaintiff is incorporated in Pennsylvania and has its two principal locations in Pennsylvania. See Exhibit A at ¶ 1.

6. Both at the time that Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

7. State Farm is not a Pennsylvania corporation, nor does State Farm have its principal place of business in Pennsylvania.

8. Rather, State Farm is a corporation organized under the laws of Illinois, with its principal place of business at 1 State Farm Plaza, Bloomington, Illinois 61701.

9. Both at the time Plaintiff initiated this action and at the time of this removal, State Farm was and is a citizen of Illinois.

**The Amount in Controversy is Satisfied**

10. Plaintiff's Complaint seeks declaratory (Count I), injunctive (Count II) and compensatory (Count III) relief "with respect to the insurance coverage for losses caused by the COVID-19 virus and governmental orders that were entered in connection therewith." See Exhibit A at ¶ 4, and Counts I, II, and III.

11. Plaintiff's Complaint states that "[a]s a result of the impact of COVID-19 and the corresponding orders by the Pennsylvania government, Plaintiff, and many other similarly situated businesses, have been ordered to close its business locations and was forced to furlough employees, thereby incurring a loss." See Exhibit A at ¶ 20.

12. Plaintiff's Complaint alleges that "COVID-19 has directly and adversely affected the business operations of Plaintiff, by causing damage and the risk of further harm to Plaintiff's property and occupants therein." See Exhibit A at ¶ 23.

13. Plaintiff's Complaint alleges that State Farm "breached the terms and provisions of the Policy" and that Plaintiff is entitled to recover from State Farm "for all losses caused by COVID-19 and the governmental orders," including "all business income, extra expense, contamination, civil authority, and other applicable coverage claims under the policy." See Exhibit A at ¶¶ 44-46.

14. The "governmental orders" referred to by Plaintiff include i) a March 19, 2020 Order in which Governor Wolf, in Plaintiff's words, "required all non-life sustaining business in the Commonwealth to cease operations and to close all of their physical locations," ii) March 23, 2020 Orders from Governor Wolf and the Pennsylvania Department of Health for residents of certain counties to "Stay at Home," and iii) an April 1, 2020 Order from Governor Wolf extending the "Stay at Home" Orders to all residents of Pennsylvania. See Exhibit A at ¶¶ 15-17.

15. It is submitted that the Court may take judicial notice of the fact that the COVID-19 viral pandemic remains ongoing in the Commonwealth of Pennsylvania, and there is presently no known timeline as to when businesses may be able to return to full, unrestricted operations.[1]

16. Plaintiff apparently generates income from a wide array of chiropractic, laser, ultrasound, massage, custom orthotic, x-ray, cryotherapy and other services advertised on

---

[1] On April 25, 2020 Governor Wolf announced a plan to reopen Pennsylvania, which called for phased reopening by region. In the "red" phase, businesses were subject to the restrictions in the March 19, 2020 order. In the "yellow" phase, businesses would be permitted to open with restrictions. In the "green" phase, business would be unrestricted as long as they followed CDC and Department of Health Guidelines. Washington County moved into the yellow phase on May 15, 2020, and the green phase on June 5, 2020. As such, Wano Chiropractic could have been open for elective procedures, with some restrictions, as of May 15, 2020 and fully open as long as compliant with CDC and Department of Health Guidelines since June 5, 2020.

A November 27, 2020 Order from Governor Wolf requires teleworking "unless impossible." If teleworking is "impossible," in-person business operations may be conducted only if in compliance with guidance issued by the Wolf Administration, the Department of Health, and Centers for Disease Control and Prevention." See November 27, 2020 Order, attached hereto as Exhibit E.

Plaintiff's website.  See Excerpts of Wano Chiropractic Website, attached hereto as Exhibit C (https://www.wanowellness.com (physiotheraphy & rehab drop-down menu).

17. Plaintiff provides these services in a "6,000 square foot state-of-the-art facility for the highest quality chiropractic, therapy, exercise and nutritional care available." See Exhibit C (https://www.wanowellness.com/practice-information).

18. Plaintiff's website identifies at least five employees.  See Exhibit C (https://www.wanowellness.com/about-us).

19. Plaintiff's website states that Dr. Wano graduated from chiropractic school in 1991 and has been in practice for "over 20 years." See Exhibit C (https://www.wanowellness.com/dr-tony-wano).

20. A survey of more than 400 chiropractors by *Chiropractic Economics* magazine showed that the Average Gross Collections of a chiropractic practice in 2020 was $448,015. See *Chiropractic Economics* 23rd Annual Salary & Expense Survey, attached hereto as Exhibit D, at p. 9.

21. Thus, assuming Plaintiff's business represents an average chiropractic practice, any closure of Plaintiff's chiropractic business for 62 days or longer would result in a loss of gross collections greater than $75,000 from the chiropractic practice alone.

22. When Plaintiff made its claim to State Farm, Plaintiff asserted that it suffered losses at not just one but two locations:  one in Washington, Pennsylvania and one in McMurray, Pennsylvania.

23. Plaintiff asserted that the Washington, Pennsylvania location was closed on March 16, 2020 and remained closed as of August 19, 2020, more than five months later.

24. Plaintiff also asserted that it was unable to renew its lease at the Washington, Pennsylvania location in June 2020 due to its losses.

25. Plaintiff asserted that the McMurray, Pennsylvania location was completely closed from March 16, 2020 until May 5, 2020.

26. Plaintiff asserted that operations at the McMurray, Pennsylvania location were limited to two days per week during the time period between May 5, 2020 and June 2020.

27. In addition to chiropractic services, the array of other services advertised on Plaintiff's website likely generate substantial income, but presumably were curtailed given the closure allegations set forth in Plaintiff's complaint.

28. For example, Plaintiff's website states that Dr. Tony Wano has "helped over 10,000 satisfied patients reach their weight loss goals," and advertises coupons for weight loss services with prices starting at $379.  See Exhibit C (https://www.wanowellness.com/weight-loss). Apparently, losing 100 such patients would result in revenue deductions that exceed $37,000 for just those services.

29. Based upon the claims asserted by the Plaintiff in the Complaint, and the potential damages being sought, both in the past and potentially into the future, the amount in controversy exceeds the jurisdictional requirement of $75,000.

### Diversity Jurisdiction is Proper

30. As Plaintiff and State Farm are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. §1332.

31. Section 1332 confers original jurisdiction over all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

32. State Farm submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1441, which permits removal of any civil action to the district courts that have original jurisdiction.

33. State Farm shall give notice to all parties of the filing of this Notice as required by 28 U.S.C. § 1446(d).

34. A copy of this Notice will be filed with the Department of Court Records of the Court of Common Pleas of Washington County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, State Farm Fire and Casualty Company, removes this civil action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §1441.

Respectfully submitted,

BURNS WHITE LLC

By: /s/Daniel J. Twilla
Robert E. Dapper, Jr.
(PA I.D. #46378)
E-mail:  redapper@burnswhite.com
Daniel J. Twilla (PA I.D. #93797)
E-mail:   djtwilla@burnswhite.com
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant,*
*State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 19th day of April, 2021, the within **NOTICE OF REMOVAL** was filed electronically and may be accessed through the Court's electronic filing system.

BURNS WHITE LLC

/s/Daniel J. Twilla
Robert E. Dapper, Jr.
Daniel J. Twilla